THE CITY OF SCHENECTADY, Respondent, *v.* THE TRUSTEES OF UNION COLLEGE, etc., Appellant.

Land lying in an open public city street is in no proper sense a city lot; and so, the owner of the fee of the street may not properly be termed the owner of a lot.

Defendant is the owner of the soil of two of plaintiff's streets, which run into and terminate in U. street. Under the provisions of the city charter (§ 42, chap. 385, Laws of 1862), authorizing plaintiff's common council to adopt ordinances providing for the paving of any of its streets, " at the expense of the owners or occupants of the lots and buildings lying upon them," said common council passed an ordinance directing the paving of U. street. The work was done under a contract in which a distinct price was fixed for paving in front of each lot on the street. A price was fixed for paving the portion of U. street in front of the terminus of each of said two streets which were termed lots in the contract. In an action to recover the prices so stipulated, *held,* that said streets were not lots within the meaning of the charter, and so defendant was not liable.

*It seems,* that under the charter the paving in front of these streets could be done at the expense of the city, and as the public, represented by the city, has the paramount right in said streets, and the fee thereof is of but little, if any, value, equitably and justly it should be so done.

*City of Schenectady* v. *Trustees, etc.* (66 Hun, 179), reversed.

(Argued December 14, 1894; decided December 21, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 22, 1892, which affirmed a judgment in favor of plaintiff entered upon a report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert J. Landon* for appellant. The admission of proof of defendant's ownership of the corner lots was a fatal error. (*Clark* v. *Dillon*, 97 N. Y. 370; *Romeyn* v. *Sickels*, 108 id. 650.) No opportunity is afforded the defendant by the statute to be heard on the amount it shall pay; the assessment is, therefore, invalid. (*Davidson* v. *New Orleans*, 96 U. S. 97; *Hager* v. *Reclamation Dist.*, 111 id. 701; *Kentucky Tax Case*, 115 id. 321; *Dent* v. *West Virginia*, 129 id. 114; *City of Schenectady* v. *Furman*, 61 Hun, 171; *Gilman* v. *Tucker*, 128 N. Y. 190; *McLaughlin* v. *Miller*, 124 id. 510.) The common council had no power to adopt an ordinance directing and requiring the street to be paved with genuine Trinidad sheet asphalt pavement of the best quality, and as set forth in this ordinance, and, therefore, this ordinance is void. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118.) The ordinance, if valid, was not complied with on the part of the city. (*In re City of Buffalo*, 78 N. Y. 367; *Sharp* v. *Speir*, 4 Hill, 76, 84, 86; *Sharp* v. *Johnson*, Id. 99; *Tingue* v. *Vil. of Port Chester*, 101 N. Y. 294, 298, 299; *Birdsall* v. *Clark*, 73 id. 73; *Stebbins* v. *Kay*, 123 id. 32.) The contract is void because the common council therein deprived the superintendent of streets of the exercise of his charter duties and the lot owner of the benefit of such exercise. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Dickinson* v. *City of Poughkeepsie*, 75 id. 65.) If the city had power to take upon itself the execution of this ordinance by contract the contract is void, and the work done is in excess of the ordinance requirements. (*Lennon* v. *Mayor, etc.*, 55 N. Y. 361; *People ex rel.* v. *Myers*, 135 id. 467; *Poth* v. *Mayor, etc.*, 77 Hun, 225; *In re Eager*, 46 N. Y. 100.) If it should be held that in this action the defendant has a right to be heard on the amount of the cost and expense of the improvement to be·collected from it, then defendant's defense is complete on the facts. (*Flack* v. *Vil. of Green Island*, 122 N. Y. 107; *Driggs* v. *Phillips*, 103 id. 77; *In re Seventeenth Street*, 1 Wend. 262; *In re Lewis Street*, 2 id. 472; *Livingston* v. *Mayor*, 8 id. 85, 86, 98, 99, 109; *Wyman*

v. *Mayor*, 11 id. 489, 598; *Hymes* v. *Estey*, 133 N. Y. 342; *Kane* v. *N. Y. E. R. R. Co.*, 125 id. 164; *Stuart* v. *Palmer*, 74 id. 183; *Ehrgott* v. *Mayor, etc.*, 96 id. 264; *Horn* v. *Town of New Lots*, 83 id. 100; *City of Rochester* v. *Town of Rush*, 80 id. 302.) Furthermore, intersecting streets are not intended by the charter to be assessed. (*City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People* v. *Bd. Assrs.*, 19 Abb. (N. C.) 158; *Elwood* v. *City of Rochester*, 122 N. Y. 236; *In re N. Y. P. E. School*, 75 id. 324.) It is an open question whether a person can be assessed for improvements to property. The property can be. (*Davidson* v. *New Orleans*, 96 U. S. 106.)

*Alonzo P. Strong* and *Everett Smith* for respondent. When, for the collection of the cost of the improvement from the owner of the abutting lot, resort is had by the city to an action for the amount of such cost, as provided by section 48 of title 7 of the city charter, the person so sought to be charged with the expense of the improvement has notice and opportunity to be heard thereon before his property can be taken to defray such cost. This provision of the charter is not, therefore, violative of the constitutional provision that no person shall be deprived of his property without due process of law. (*Roosevelt* v. *Godard*, 52 Barb. 545; *People* v. *Briggs*, 50 N. Y. 553; *People* v. *Alberton*, 55 id. 50; *Sage* v. *City of Brooklyn*, 89 id. 189; *In re Middletown*, 83 id. 195; *People* v. *Durston*, 119 id. 577; *People* v. *Angle*, 109 id. 567; *Sweet* v. *City of Syracuse*, 129 id. 329, 349; Cooley on Const. Lim. 176; *Fishkill* v. *P. R. Co.*, 22 Barb. 642; *People* v. *O'Brien*, 38 N. Y. 193; *People* v. *Briggs*, 50 id. 565; *People* v. *Suprs.*, 43 id. 10; *People* v. *Lawrence*, 41 id. 137; *Richards* v. *Richards*, 14 Hun, 28.) The legislature may change rules of evidence as they exist at common law. This power is not restricted by the constitutional provisions against the taking of property without due process of law. Therefore, the provisions of section 48 of this chapter declaring the account, when audited by the common council, sufficient pre-

sumptive evidence of defendant's liabilities is not unconstitu-
tional. (*People* v. *Turner*, 117 N. Y. 227; *Hickox* v. *Tull-
man*, 38 Barb. 608; *Webb* v. *Den.*, 17 How. [U. S.] 576;
*Hand* v. *Ballou*, 12 N. Y. 541, 543; *Howard* v. *Moot*, 64 id.
262; *Chamberlain* v. *Taylor*, 36 Hun, 24, 41; *People* v.
*Ryder*, 124 N. Y. 500.) The power to pave, as granted by
section 42, title 7, of the city charter, gives to the common
council the authority to require a pavement of asphalt or any
other kind of paving substance or material. (2 Dillon on
Mun. Corp. § 796; *In re Burke*, 62 N. Y. 224.) The fact
that the common council and not the superintendent of streets
made the contract for the paving of this street, does not release
the defendant from its liability to pay the cost of paving such
portions of the street as were in front of its lots. (*In re M.
L. Ins. Co.*, 89 N. Y. 530; *In re Folsom*, 2 T. & C. 55; *Lyth*
v. *City of Buffalo*, 48 Hun, 175; *Sorehan* v. *City of Brook-
lyn*, 62 N. Y. 339; *Voght* v. *City of Buffalo*, 133 id. 463;
*Burchell* v. *Mayor, etc.*, 30 N. Y. S. R. 418; *Pooley* v. *City
of Buffalo*, 35 id. 382; *Echers* v. *Haverstraw*, 47 id. 891;
*People* v. *Comrs.*, 13 Wend. 310.) That the contract requires
the contractor to re-adjust the frames and heads of the sewer
manholes, lamp holes, water valves, etc., does not affect the
defendant's liability. (2 Dillon on Mun. Corp. 797; *O'Reilly* v.
*City of Kingston*, 114 N. Y. 439; *In re Belmont*, 12 Hun, 558.)
The tenth clause of the contract, providing that the contractor
shall " do the work required in such good and substantial
manner that no repairs thereto shall be required for the term
of five years after its completion, and that in case any repairs
thereto shall become necessary during such term it will make
the same at its own cost and expense," etc., was within the
authority of the common council, and is not in violation of
the city charter. (*People* v. *Maher*, 56 Hun, 81.) No pro-
vision is made in the city charter by which any portion of the
cost of paving the areas in front of intersecting streets is to
be borne by the city, or by the public at large. It follows,
therefore, that the cost of paving these areas is to be paid, in
one way or another, by the owners or occupants of the lots

lying upon the street — where such work shall be required to be done. (*Rhinelander* v. *Maher*, 24 How. Pr. 304; 2 Dillon on Mun. Corp. [4th ed.] § 796; *Creighton* v. *Scott*, 14 Ohio St. 438; *Powell* v. *St. Joseph*, 31 Mo. 347; *State* v. *Elizabeth*, 30 N. J. 365; *Wolf* v. *City of Keokuk*, 48 Iowa, 129.) Regarding the term "lot" as meaning the land immediately opposite the area paved, then such "lot" is that portion of the intersecting street adjacent to the section paved. The title to this half of the intersecting streets is in defendant, who, by this definition of the term "lot," comes within the exact terms of the charter. (*People* v. *Kerr*, 27 N. Y. 186; 57 id. 188, 195; *Hymes* v. *Estey*, 36 Hun, 147; *B. & R. G. Co.* v. *Calking*, 62 N. Y. 386; *McCaffrey* v. *Smith*, 41 Hun, 117; *Town of Galed* v. *C. & R. P. R. Co.*, 27 Barb. 543; *Gailor* v. *Herrick*, 42 id. 85; *People* v. *Esopus*, 10 Hun, 551; *Wyman* v. *Mayor, etc.*, 11 Wend. 486; *In re Dept. Pub. Parks*, 73 N. Y. 560.) The defendant, having title to the adjacent corner lot and to the center of the intersecting street, is the owner of the "lot lying upon the street" paved, within the meaning of section 42, title 7, of the charter. (*Wolf* v. *City of Keokuk*, 48 Iowa, 129; *Creighton* v. *Scott*, 14 Ohio St. 438; 2 Dillon on Mun. Corp. 758; *Williams* v. *Mayor, etc.*, 2 Mich. 560; *Powell* v. *St. Joseph*, 31 Mo. 347.)

EARL, J. This action was brought under the charter of the city of Schenectady, chapter 385 of the Laws of 1862, as subsequently amended, to recover the expense of paving Union street in front of two lots alleged to have been owned by Union College. The plaintiff recovered and this appeal brings that recovery under review.

The paving was in Union street in front of two streets which ran into it and in which streets Union College owned the fee of the land subject to all street servitudes. The claim of the defendant is that under the city charter, the ordinance and proceedings for paving the street, and the allegations contained in the complaint, it cannot be made liable for the expense of paving in front of the two streets, simply because

it owned the fee of the land therein. Section 8 of the city charter provides that "the common council shall have power under the restrictions and limitations hereinafter provided to lay out, open, widen, alter, construct and make any street, avenue, highway, lane, alley, public ground, square, park, sewer, drain, culvert, arch, bridge, well or reservoir in said city, and to cleanse and remove obstructions from sewers and drains. The expense and costs of all such improvements shall be borne by the owners or occupants of the lots or parcels of land benefited thereby, and shall be apportioned, assessed and collected according to the provisions hereinafter contained, and shall be a lien upon such property from and after the time of the confirmation of the apportionment and assessment thereof." For the improvements mentioned in this section it cannot well be contended that the land in an open public street would be liable to assessment.

Section 42 provides that the common council shall have power from time to time to adopt ordinances directing any of the streets of the city, or any part of them, to be graded, paved, etc., "at the expense of the owners or occupants of the lots and buildings lying upon" them, etc. The land lying in an open public street is in no proper sense a city lot, and the owner of the fee in such street is in no proper sense the owner of city lots lying upon the street to be paved. Other provisions of the charter make this more plain. Section 44 provides that "Immediately after the adoption of any such ordinance, and at least thirty days prior to the expiration of the time therein limited for the doing of such work, the superintendent of streets shall serve, or cause to be served, a written or printed copy of such ordinance on each of the owners or occupants of the lots and buildings affected thereby, either personally or by leaving the same, directed to such owner or occupant, or both of them, with some person of suitable age and discretion upon such lot or lots." Section 45 provides that "In case any of the buildings or lots shall be vacant or unoccupied, or no person of suitable age and discretion shall be found thereon, and the owner or owners thereof shall not reside in said city, or shall be

unknown, or an infant or infants, in addition to publishing such ordinance as above directed, it shall be sufficient service of notice thereof to affix a copy of the same on some conspicuous part of said vacant or unoccupied premises, directed to the owner generally, if not known, or by name if known." These sections show that the lots spoken of are such that notices may be affixed upon them, and that certainly cannot be done upon an open, public traveled street.

Section 48 provides that the expense of paving in front of a lot may be recovered by suit against the owners thereof; and under section 49, instead of suing the owner, the common council may assess the expense upon such lot, and the assessment may be enforced by a sale of the lot, and in case of a sale "the same notice of sale shall be given and the same proceedings had, and the sale of such lot shall be conducted and effected in the same manner and with the like effect as above provided in reference to the sale of lands for unpaid assessments for the laying out, opening and constructing streets, et cetera, and the purchaser shall be entitled to the same remedies to obtain possession of the premises sold." Certainly an open, public street cannot be a lot within the meaning of this section whereof the purchaser at the tax sale can obtain title and possession.

We have carefully examined the city charter, and we find in none of its provisions any authority to impose the expense of paving a street in front of an open intersecting street upon the owner of the fee of the land in such street.

In all the proceedings of the common council relating to the paving of Union street, the persons to be made liable for the expense thereof were spoken of as the owners of the lots of land abutting and fronting upon Union street; and in the contract made in pursuance of the ordinance for the paving of the street, the work in front of each lot was separately provided for, and a distinct price was stipulated for paving in front of each lot upon the street. The whole number of lots was upwards of fifty, and for the paving in front of the two alleged lots now in question the stipulations in the contract were as follows:

"Upon that portion of said street lying in front of the lot on the north side thereof and abutting thereon, reputed to be owned by the trustees of Union College, etc., aforesaid (which lot is bounded easterly by the easterly line of Gillespie street, and westerly by the center line thereof), and lying between said lot and the center line of Union street, and between the extensions of the easterly and westerly lines of said lot to the center line of Union street, the sum of $134.64."

"Upon that portion of said street lying in front of the lot on the north side thereof and abutting thereon, reputed to be owned by the trustees of Union College, in the town of Schenectady, in the state of New York (which lot is bounded on Union street easterly by the center line of Union avenue, and westerly by the westerly line of Union avenue), and lying between said lot and the center line of Union street, and between the extensions of the east and west lines of said lot to the center line of Union street, the sum of $346.92."

This action is to recover the sums thus stipulated; and it is thus seen that what the plaintiff seeks to recover is not for paving in front of any other lots owned by the defendant, but for paving in front of the open streets which the common council assumed to designate as lots. In the complaint the action is based solely upon the claim to recover for paving in front of these open streets. There is no allegation as to the ownership by the college of any other lots bounded on Union street, and its liability is in no way based upon its ownership of any other lots.

It is argued on behalf of the city that the college should be treated as the owner of a lot in front of this paving done in Union street, because it owned the corner lots on Union street and the intersecting streets. But it has paid, as we must assume, for the paving in front of the corner lots, and the sums sought to be collected in this action have been treated in all the proceedings of the city, and in the complaint in this action, as due from the defendant solely on account of its ownership of the fee of the land in the intersecting streets.

It is further argued that it must have been the intention of

the legislature that the owners of the fee of the land in the intersecting streets should be liable for the paving in front of such streets, so that the streets to be improved may be continuously paved and the expense thereof provided for. But there can be no doubt that under the city charter the paving in front of these open streets could be done at the expense of the city, and equitably and justly it should be so done.

According to the common, ordinary use of the word lot it cannot be held to designate land in an open, public street. The fee of a street is of such inconsiderable value that the owner thereof is rarely, if ever, spoken of as the owner of the street. The public, represented by the city, has the paramount right in the streets, and may, with greater propriety, be called the owner of the streets.

Without, therefore, considering the other defenses to this action, which have been much relied on by the defendant, we have reached the conclusion that the paving here in question was not in front of any lot owned by it, within the meaning of the charter, and that it was not, therefore, liable for this paving.

The judgment should, therefore, be reversed, and as a recovery upon a new trial is not possible the complaint should be dismissed, with costs.

All concur.

Judgment accordingly.