(71 Misc. Rep. 480.)

### In re OPENING OF TREMONT AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. April, 1911.)

1. EVIDENCE (§ 370*)—PUBLIC DOCUMENTS—PRESUMPTIONS.

On the production of a map from a public office in which it was required to be filed under the statute, compliance with all statutory provisions as to the legality of the filing will be presumed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1568; Dec. Dig. § 370.*]

2. MUNICIPAL CORPORATIONS (§ 395*)—CHANGE OF STREET GRADE—RIGHT TO DAMAGES.

Where the city of New York has taken steps looking to changing the grade of a street and has destroyed the old grade, an abutting owner is entitled to substantial damages for injury to buildings subsequently removed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 946–948; Dec. Dig. § 395.*]

3. EMINENT DOMAIN (§ 138*)—CONDEMNATION OF FEE IN STREET—RIGHTS OF ABUTTING OWNERS.

Where a city takes the fee of a street which was in the abutting owners subject to the public easement, they are all entitled to substantial damages, but not to consequential damages for the lands not taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 370; Dec. Dig. § 138.*]

4. BOUNDARIES (§ 20*)—DESCRIPTION OF PREMISES—STREET.

A description of property commencing at the intersection of the northerly side of a street with a creek shows an intention to exclude the fee of the street.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 123–130; Dec. Dig. § 20.*]

Application of the City of New York to acquire title to lands for the opening of Tremont Avenue. Report of commissioners confirmed.

Archibald R. Watson, Corp. Counsel (James Regan FitzGerald, of counsel), for City of New York.

A. C. & F. W. Hottenroth and James A. Flannery, for property owners.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GREENBAUM, J. This is a proceeding for the opening of Tremont avenue from the Eastern boulevard to Ft. Schuyler road. The fee of the bed of Tremont avenue at the time of the institution of these proceedings was vested in the abutting property owners, subject to a public easement acquired by the town of Westchester under chapter 720 of the Laws of 1869. The object of these proceedings is to acquire the fee of the avenue, and it further appears that as part of a contemplated plan of improvement the grade of the avenue is to be raised to some 15 feet above its present level. Various objections have been filed to the report of the commissioners by the property owners and also on behalf of the city. These will be considered seriatim.

The objection by the city to the award made to Henry Feulner for damages to the building known as parcel 1a, upon the ground that such building was erected subsequently to the time that the grade was established, must be sustained.

[1] Assuming that the map filed in 1901 was required to be advertised under section 436 of the old charter (Laws 1897, c. 378), the presumption arising from the production of the map from the public offices where it was legally required to be filed is that all statutory provisions necessary to the legality of its filing had been previously complied with. Matter of Mayor, Vanderbilt Ave., 95 App. Div. 535, 538, 88 N. Y. Supp. 769.

The objection of the city to the award made for damages to the building known as parcel 1b presents the question as to whether the erection of the elevated roadway over the sewer at the intersection of Avenue A and Tremont avenue constituted a change of grade authorizing the commissioners to award damages for injury to buildings under section 980 of the revised charter. The building in question was removed by the claimant in July, 1909, subsequently to the construction of the roadway by the contractor. It appears that the sewer through Avenue A at the intersection of Tremont avenue was constructed under a contract in which the contractor was required "where the embankment obstructs or interferes with any roadway * * * to do * * * all work to put the roadways referred to in good condition and to form suitable approaches thereto." Apparently in obedience to this provision, the contractor erected the elevated roadway in question to accommodate traffic and preserve the free use of Tremont avenue, making suitable approaches thereto on Tremont avenue running from a point 100 feet to the west and 150 feet to the east of Avenue A. The conclusion is irresistible that the sewer, 16 feet above the old grade, was built to conform to the new grades established on the map of Tremont avenue, and that the acceptance by the city of the work of the contractor, who built a temporary highway or bridge at a grade substantially conformable to the new grade fixed for Tremont avenue, is a practicable interpretation of the contract for building the sewer; that the "suitable approaches" mentioned in the contract had reference to the proposed change of grade of Tremont avenue.

[2] We have thus a situation in which the city had in fact destroyed the old grade of the road in front of the claimant's premises, and had in effect taken steps looking to the actual raising of the grade. Under

these circumstances the award for substantial damages was justified, and should not be disturbed. The objection of the property owner to this award upon the ground of inadequacy should also be overruled. The objection by the owner of parcel 1c to the award of nominal damages for injury to his building, also arising from the elevation of the roadway by the contractor, must be sustained. For reasons already stated, the change of grade had been partially effected, and, since it appears that the removal of his building did not take place until after the grade at or adjoining his building had been changed, I think he is entitled to substantial damages.

[3] The commissioners have awarded nominal damages for the taking of the fee of the street to the owner of damage parcel 1*l*, situated on the north side of Tremont avenue. It is not disputed by the city that the fee of the street is vested in the owner, but it is sought to sustain this award on the theory that the owner of the fee of a street subject to a public easement is entitled to nominal damages only. The contrary rule, that the owner in such a case is entitled to substantial damages, is well settled. City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592; Matter of Trinity Ave., 81 App. Div. 215, 80 N. Y. Supp. 732. It may be observed in this connection that substantial damages, ranging from $1.50 to $3 a front foot, have been awarded by the commissioners to other abutting property owners for the fee of the street, and there is nothing apparent in the record and no testimony has been referred to by counsel upon which this difference in the measure of damages adopted may be supported. The objection to this award must therefore be upheld.

[4] As to the objection of the owner to the award of nominal damages for the taking of the fee of the street abutting parcel 1q, I am of opinion that the description in the deed fixing the point of commencement of the property "at the intersection of the northerly side of the Eastern Boulevard with the Westchester Creek" shows a plain intention to exclude the fee of the street. See Potter v. Boyce, 73 App. Div. 383, 389, 77 N. Y. Supp. 24. This objection is therefore not sustained.

The next question presented involves the right advanced by the abutting owners to recover consequential damages to their land, upon the theory that the acquisition by the city of the fee of Tremont avenue, though burdened with a public easement, constituted such a taking of a portion of the real property as to entitle them to all damages sustained to the residue of their property by reason of the proposed raising of the grade of the street. The commissioners have rejected this claim, and have declined to award consequential damages to the property owners. I am of opinion that the acquisition of the fee of the street, already burdened with a public easement, did not constitute such a taking as to form a basis for the award of consequential damages. The city, by virtue of its public easement in Tremont avenue, could have changed the grade of that street without any liability whatever for damages sustained by the owners of adjoining vacant lands (2 Dillon, Mun. Corp. [4th Ed.] § 688; City of Boston v. Richardson, 13 Allen, 146, 159; Kelsey v. King, 32 Barb. 410, 417), and it must

therefore be held in order to sustain the objectors' position that the mere combination of the proceedings for the acquisition of the fee and the change of the grade renders the city liable for the consequential damages, although no liability would exist if the latter had been conducted independently of or had preceded the former. It seems to me that where, as here, the owners have parted with substantially the full enjoyment of their property in the bed of the street and the city desires merely by taking the fee to acquire larger and more extended rights in the use of the street, that this is an insufficient taking upon which to predicate the award of consequential damages. In City of Schenectady v. Union College, 144 N. Y. 241, 39 N. E. 67, 26 L. R. A. 614, the question of the validity of two assessments for the paving of the street in front of land, the fee of which was in the defendants, subject to all street servitudes, was involved, and in declaring such assessment illegal the court said:

"According to the common, ordinary use of the word 'lot,' it cannot be held to designate land in an open, public street. The fee of a street is of such inconsiderable value that the owner thereof is rarely, if ever, spoken of as the owner of the street. The public, represented by the city, has the paramount right in the streets, and may, with greater propriety, be called the owner of the street."

It may be true, as urged by counsel, that the change of grade is necessitated by the proposed erection of the bridge over Westchester creek, but this would constitute a legitimate improvement for street purposes, and would therefore confer no right to compensation by way of consequential damages upon the abutting owners. Sauer v. City of New York, 180 N. Y. 27, 29, 72 N. E. 579, 70 L. R. A. 717; Matter of Rapid Transit Com'rs, 197 N. Y. 81, 89, 90 N. E. 456. In any aspect in which this question is considered no claim for damages will lie. In other respects the report of the commissioners is confirmed.

Ordered accordingly.