Powell v. City of St. Joseph.

----

POWELL, Respondent, v. THE CITY OF ST. JOSEPH *et al.*, Appellants.

1. Under the statute (Acts 1856–7, p. 249,) which authorizes the City of St. Joseph to assess the cost of macadamizing, paving and repairing streets to the owners of adjoining property in proportion to their front on said streets, the cost of paving, &c., of the crossings should be assessed to the property owners of the adjoining blocks in proportion to their front, in such manner as the city ordinances require.

*Appeal from Buchanan Court of Common Pleas.*

*Hall*, for appellants.

I. The plaintiff contends that if the provision of the city charter is constitutional, that it does not authorize the city to charge the cost of macadamizing the street crossings to property which does not adjoin such crossings. The argument is that the city is only authorized to charge the cost of macadamizing the streets to the property adjoining the improvement. This is a misconstruction of the law. The charter says that the macadamizing done on any street shall be charged to the adjoining property in proportion to its front; that is, such work is to be paid by the property adjoining the street and in proportion to its front on the street. When macadamizing is done in front of a lot, the spirit and letter of the law will be preserved by charging the cost of the work to lots fronting the improvement. But where the macadamizing is not in front of any property, the city may charge the cost of it to all the property in the street in proportion to its front to the adjoining blocks in proportion to their front, or to the adjoining quarter blocks in proportion

to their front in such manner as the ordinances of the city may direct. A single case will illustrate the incorrectness of plaintiff's position. The defendants insist that the following authorities sustain their views: City of St. Joseph v. Anthony, 30 Mo. 537; Inhabitants of Palmyra v. Morton, 25 Mo. 594; Egyptian Levee Co. v. Hardin, 27 Mo. 495; Garnett v. City of St. Louis, 25 Mo. 505; Lockwood v. City of St. Louis, 24 Mo. 20; Sharp v. Speir, 4 Hill, 81; The People v. Mayor of Brooklyn, 4 Comstock, 433; Gilkerson v. Frederick Justices, 13 Grat. 578; Washington v. State, 13 Ark. 761.

NAPTON, Judge, delivered the opinion of the court.

This suit presents the same question raised in the case of City of St. Joseph v. O'Donoghue in a different mode. This was a petition to enjoin the marshal of the city from selling certain lots, by virtue of the act of the legislature of November 21, 1857, authorizing the City of St. Joseph to macadamize the streets of said city, and certain ordinances passed by the corporation to carry out the process granted by said act. The question of the constitutionality of this law is brought up by a motion in arrest of judgment.

We make no comments upon the form in which the question is raised, as it is agreed that the only object was to bring up the question.

The right of the city, under the act and its ordinances, to apportion the cost of macadamizing the street crossings, as well as of such parts of the streets as were in front of lots, among the lot holders in proportion to their front feet, has been discussed, but is really not presented by the record. We do not perceive, however, that any different conclusion could be reached, if the facts, as we understand them, had been presented by the record. It is not to be supposed that the legislature intended to authorize the streets in front of buildings or building lots to be paved, and that portion of them which intersected each other to be left unpaved. As the intention was doubtless to have a continuous pavement,

we can not see that the distribution of the expense of paving the crossings was to be upon any other plan than the one adopted for the expense of paving the streets generally, although the crossings were not literally in front of any lots.

Judgment reversed and case remanded.   The other judges concur.