THE CITY OF SEDALIA, ex rel., Appellants, v. M. B. COLEMAN, Respondent.

Kansas City Court of Appeals, February 5, 1900.

1. Special Tax Bills: STREET INTERSECTION: LIABILITY FOR IMPROVEMENT.   In cities of the third class by section 108 of the Laws of 1893, lots in each block, when the street in front thereof is paved, are each liable to assessment for such improvement for two quarters of street intersections, one at each corner of the block; and this, though said improvements are made at different times under different ordinances, and the first improvement was ordered under the general statutes governing cities of the third class, since the act of 1893 has not changed such former law but stated the details more fully.

2. Municipal Corporations: CITIES OF THIRD CLASS: EXHAUSTION OF TAXING POWER.   Where a city has assessed and collected for the intersection at one corner of the block, it has not thereby exhausted its power to assess and collect for the improvement at the intersection of the other corner of the block.

Appeal from the Pettis Circuit Court.—*Hon. G. F. Longan,* Judge.

REVERSED AND REMANDED.

*Montgomery & Montgomery* for appellant.

(1) The fact that the defendant had paid the costs of improving the street in front of his property and his proportion of the cross street east of him does not relieve him from paying his share of the costs of improving the intersection of the street lying west of his property. The legislature had the power to amend the charter and change the methods of imposing the benefits of the work. Farrar v. St. Louis, 80 Mo. 393; Express Co. v. St. Joseph, 66 Mo. 680.

*Barnett & Barnett* for respondent.

(1) The finding of the court was right. There can be no lien imposed for street paving on property not abutting on the line of the improvement, that is, not abutting on the portion of the street improved. Such property is not within the taxing district. It is outside of the territorial limits of the improvement provided for, and hence not subject to taxation. Mosewood Avenues Campbell's App., 159 Pa. St. 20; Witman v. Reading, 169 Pa. St. 375; Park Avenue Sewers, App. of Parker et al., 169 Pa. St. 433; 54 Street, Pittsburgh App., 165 Pa. St. 8; Brunot v. Borough, 4 Pa., Superior Court, 608; Colwyn Borough v. Tarbottom, 9 Pa., Superior Court, 414; Ryan v. Sumner, 17 Wash. 228; Cincinnati v. Batsche, 40 N. E. (Ohio), 21. (2) Respondent's property having previously been assessed and he having paid his assessment for paving Seventh street from the east line of Grand avenue east to Ohio street, which assessment included his *pro rata* share of all the intersections from Grand avenue to Ohio street (R. S.

1889, sec. 1495), can not now be again assessed in another and different taxing district. He can not be assessed twice, as his lot has already borne its burden of paving the part of Seventh street on which it abuts. Campbell's App., 159 Pa. St. 36; 54 Street, Pittsburg App. 165, Pa. St. 8; Brunot v. Borough, 4 Pa. Superior Court, 608; Colwyn Borough v. Tarbottom, 9 Pa. Superior Court, 414.

ELLISON, J.—This is an action on a special tax bill issued in part payment for paving a street in the city of Sedalia, a city of the third class and governed by the laws of 1893, page 65. The judgment in the trial court was for defendant.

Defendant is the owner of a lot at the northeast corner of Seventh street and Grand avenue in said city which has a frontage of fifty-five feet on the former street. In 1892 (under provisions of the General Statutes, section 1495) Seventh street was paved from a point beginning on the east line of Grand avenue, and running thence east several blocks. Defendant paid his special tax for this improvement according to his frontage on the street, including the proportionate part of his lot for the first intersection on the east side of the block in which his lot lies.

Afterwards (under an amended statute) the city passed the ordinance for the paving in question; that is, beginning at the said east line of Grand avenue and running thence west on Seventh street for several blocks. The work was done under this ordinance and defendant's property was assessed with a proportionate part of the cost of the intersection of the two streets. The proceeding was had under subdivision, sixth, of section 108, of the law 1893, superseding section 1495, aforesaid, and reading as follows:

"The cost of paving or macadamizing the squares and areas as formed by the crossing or meeting of streets and other highways or parts thereof, or connections therewith,

shall be levied as a special assessment and paid for as follows: Such area shall be divided into parts or portions by lines drawn lengthwise along the middle of each of said streets or highways so intersecting or meeting, and the cost of said parts or portions shall be levied, as a special assessment against the block or square contiguous to each, and pro-rated against the lots or pieces of ground in such block or square on the street improved."

The proper construction of this law is involved in the case. The defendant contends that no property can be charged with any part of the paving except that which abuts or fronts on the improvement, that is, on the part of the street which is improved; and as his property does not front or abut on this paving, it can not be charged. Plaintiff contends that while the defendant's property does not front on the part of the street improved, it does front on the street, and lies in the block contiguous to the improvement. In other words, the parties agree that the defendant's property fronts on Seventh street but not on that part of it that was improved under this ordinance, as the paving, under this ordinance, began at the southwest corner of defendant's lot and ran thence west. The parties also agree that the immediate front of defendant's lot was paved under the first ordinance which authorized a pavement from Grand avenue east, and that under that ordinance defendant paid for his frontage and for his portion of the first intersection east of him. For a better

understanding of the question, reference is made to the following plat:

The northeast quarter of the intersection of the streets, marked "A," and on which defendant's lot corners, is the portion of the paving which it is sought to charge against defendant's lot and the other lots in that block fronting with defendant's on Seventh street.

We can see no reason why it should not be done. The statute above set out means that the lots fronting on the

street which is improved and which lie in the block which is contiguous to the respective quarters of the intersections, shall pay for such intersections. So that it results that such lots in each block are subject to assessment for two quarters of intersections, one at each corner of the block, since that half or portion of the block lies contiguous to two points where streets cross, or intersect. Defendant's lot and the others in the same block fronting on Seventh street have therefore heretofore only borne one-half the burden which the law has put upon them. And there is no wrong in forcing them to bear the remaining half; unless we are ready to say that for the reason that an intersection of a street does not lie immediately in front of a lot that the cost of its improvement could not be put upon the lot. We can not say that, since the contrary has been the understanding and the practice in this state for many years, and it has received the sanction of the supreme court at least twice. Powell v. St. Joseph, 31 Mo. 347; Farrar v. St. Louis, 80 Mo. 392. In this respect we are not in harmony with some rulings of the supreme court of Pennsylvania, cited in defendant's brief.

In saying that defendant's lot has, by the first paving only borne one-half the burden which the law has put upon it, we are not unmindful of the provisions of section 1495, Revised Statutes 1889, under which that work was done. For by that law the cost of paving streets and intersections could only be assessed against the lots in each block separately; that is, each block paid for the intersections on which it cornered. The present law, though more in detail, in this respect has not changed the former law. Defendant's property at the first paving has not (or should not have) paid for more than its proportion of the one intersection which was at the northwest corner of the block.

2. It is furthermore objected that after once exercising the taxing power against defendant's lot, the power was exhausted by the municipality and could not again be resorted to.

But if we are right in what we have already ruled the full taxing power was not exhausted on the first improvement. The first improvement only required of defendant's lot its portion of the cost of one quarter intersection, whereas it is liable for two. Besides, it appears that this state is not in line with Pennsylvania on such question. McCormack v. Patchin, 53 Mo. 33.

The foregoing consideration leads to a reversal of the judgment and remanding the cause. It is so ordered. All concur.