CITY OF CHILLICOTHE ex rel. JIM E. MEEK, Appellant, v. G. G. HENRY, Respondent.

Kansas City Court of Appeals, March 29, 1909.

1. **TAXBILLS: Frontage: Intersection: Statute.** Sections 6266 and 6271, Revised Statutes 1899, provide only for charging street improvements on property fronting on the street improved, to-wit, abutting property and not on property fronting on another street crossed by the improvement; and the taxbills for improvement of intersections at such crossing is therefore not taxable upon the property fronting on the cross street.

2. ———: **Power to Levy: Rule of Construction.** The rule of municipal law is that in deciding the question whether certain power or authority has been given a municipality any doubt must be resolved against the power and in favor of the citizen, since the municipality can only exercise such powers as are granted in express words or are necessarily fairly implied in or incident to those expressly granted.

3. ———: **Pleading: General Denial.** A general denial will cover any and every defense which shows that a cause of action never existed and it is only when a cause of action has existed and has subsequently been avoided that it is necessary to plead what is called new matter.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Kitt & Taylor* for appellant.

(1) The court erred in finding for respondent. Under the record the judgment should have been for appellant. The answer of respondent being a general denial, the judgment was for the wrong party. Sec. 15, Ordinance 22, Chillicothe; Sec. 12, Ordinance 209, Chillicothe; Vieths v. Planet, etc., Co., 64 Mo. App. 207. (2) The city council of the City of Chillicothe had, by authority of the legislature of Missouri, exclusive power to pave and otherwise improve the streets

of said city of Chillicothe, and assess cost on property
liable. Sec. 2, Art. IV, Charter, Chillicothe. R. S.
1899, Secs. 6266-6271. (3) Under the power granted
by the legislature to the city of Chillicothe, the city
council of said city had the authority and discretion,
as wide as that possessed by the legislature, in paving
and improving the streets of said city, and likewise the
same discretion as the legislature to fix the district and
property liable to pay for the cost thereof, and this dis-
cretion is not subject to judicial revision or reversal.
Morse v. Westport, 136 Mo. 276; Barber Asphalt Co.
v. French, 158 Mo. 534; Pryor v. Construction Co., 170
Mo. 439; Meier v. St. Louis, 180 Mo. 410. (4) The
question whether property, assessed to pay for improve-
ments, is benefited by the improvement, is a legislative
and not a judicial question; when the city council of
Chillicothe adjudged respondent's property benefited
and fixed the ratio of such benefit, such judgment of
said council, was conclusive. Prior v. Construction Co.,
170 Mo. 451, and cases cited. (5) The entire cost
of improvements on parts of two streets can not be
charged on property on one of said streets alone. Grad-
ing Co. v. Holden, 32 Mo. App. 490. (6) A block or
square is that portion of a city enclosed or surrounded
by streets. 4 Am. and Eng. Ency. Law (2 Ed.), page
582; 26 Am. and Eng. Ency. Law (2 Ed.), page 153 and
cases cited in notes.

*B. B. Gill & Son* for respondent.

(1) This law was carried into the revision of 1899,
and now found in sections 6266, 6267, 6268, 6269, 6270,
and 6271. The respondent's contention is that the ordi-
nance offered in evidence authorizing and providing
a method of paying for the paving of squares or areas
formed by the meeting or crossing of streets, alleys,
etc., as provided for by Section 10 of General Ordinance
No. 22, by assessing the cost or any part thereof against
any property that does not front on the street paved

is void. (2) In this connection we call the court's attention to the fact that under General Ordinance No. 22, had Elm or Vine streets in front of defendant's property, been paved and his property had been taxed to pay for its part of such improvement and, afterwards an ordinance had been passed to pave Calhoun street, the defendant's property could under this ordinance again be taxed to pay for its proportional part of paving the intersections at the crossing of Calhoun, Elm and Vine streets. This would apply to other streets in the city under similar conditions. An ordinance or law allowing such taxation is unjust and void because it is unreasonable. Morse v. Westport, 136 Mo. 288; Halpin v. Campbell, 71 Mo. 494; State ex rel. v. Birch, 186 Mo. 219, and cases cited; White v. Railroad, 44 Mo. App. 542; Corrigan v. Gage, 68 Mo. 641; Halpin v. Campbell, 71 Mo. 493; Myers v. Railroad, 57 Iowa 555; Railroad v. Jacksonville, 67 Ill. 37; Tugman v. Chicago, 78 Ill. 405. (3) Municipal corporations possess and can exercise only such powers as are granted in express words, those necessarily or fairly implied in or incident to powers expressly granted or those which are essential to the declared objects and purposes of the corporation. St. Louis v. Bell Telephone Co., 96 Mo. 628; City ex rel. v. Eddy, 123 Mo. 558; Trenton v. Coyle, 107 Mo. 196. (4) Whatever may be the rule and law in other jurisdictions our State has never recognized any method of paying for such public improvements in cities of this class—Chillicothe, except that of taxing the costs of such improvements against the property owners on the street improved in proportion to the front footage of each property. Hence we say the scheme devised by the city of Chillicothe is a new departure on this line, and is without any law on which to base such scheme for paving street intersections. Unionville v. Martin, 95 Mo. App. 36. (5) There being no cause of action the proper answer was a general denial, distinguishing the case in 64 Mo. App.

207, relied on by appellant. Cushing v. Powell, 130
Mo. App. 578 and cases cited.

ELLISON, J.—This action is to enforce the lien
of a special taxbill against the property of the defend-
ant fronting on Elm street, in the city of Chillicothe,
a city under ten thousand inhabitants and incorporated
by special charter. The trial court adjudged the bill
to be invalid.

The city, by ordinance, directed the paving of
twenty-four feet in width of that part of Calhoun street
lying between Broadway and Locust streets except
where it intersected with other streets, at which inter-
sections the paving, after allowing for parkway and
sidewalk space, was to be the full width of Calhoun
street. The effect of this was to pave the center of the
intersecting streets, twenty-four feet in width, across
Calhoun street; or, to state it differently, to pave Cal-
houn street its full width across the intersecting street.
The result being that if, afterwards, the city should
conclude to pave Elm street, the place of intersection
with Calhoun street would be already paved.

The controversy here is over the intersection of
Elm and Calhoun streets. The lot sought to be charged
is in the block fronting on both streets, but the lot it-
self is on Elm street alone, four hundred feet from
Calhoun street.

The plaintiff affirms the right to a taxbill for
paving the intersection, against the lot, although not
abutting on Calhoun, while defendant claims that his
lot not being on that street, cannot be charged.

The power to make an assessment against the pri-
vate property of the citizens must be found in the stat-
ute; if it is not, the attempt at taxation must fail.
The statute claimed to justify the bill in controversy
is sections 6266-6271, Revised Statutes 1899. The first
section provides that the council of every city under
special charter, of less than ten thousand inhabitants

(Chillicothe being of that class) shall have power by ordinance to levy a special tax on the "lot or lots on any street, alley, avenue or public highway within such city, town or village, for the purpose of paving, graveling or macadamizing and guttering and curbing all or a part of such streets," etc. Section 6268 provides that "when such work shall be completed, the improvements' committee, city engineer or other officer having the work in charge, shall compute the costs thereof and apportion the part or proportion levied against the owner or occupier as aforesaid among the several lots or parcels of land to be charged therewith and charge each lot or parcel of property with its proper share of such costs according to the frontage of the property." That section further provides that the city council "if it deems it just and proper may levy and collect on the owner or occupier as aforesaid, a special tax sufficient to defray only a part or portion of the costs of the paving . . . aforesaid, leaving the part or proportion of the costs not levied against said owner or occupier to be paid by such city . . . and in such event special taxbills shall issue as aforesaid for only the part or proportion levied against the owner or occupier."

Considering the sections together, as was done by the learned trial judge, it is apparent that the statute contemplates that the property to be charged is the property with its frontage on the street to be paved, that is to say, the abutting property. "Frontage" in the connection used in the statute, is but an expression of the "front foot rule," and under such rule no other property than that abutting on the street improved can be assessed. [Elliott on Streets, secs. 555, 559.] Calhoun street was the street ordered to be paved, while, as already stated, the property here sought to be charged fronts on Elm street, and instead of any part of it being on Calhoun street, it is four hundred feet away. It has not been the understanding in this State

that such property could be assessed under the front foot rule unless provision is made therefor.

In Sedalia v. Coleman, 82 Mo. App. 560, we sustained taxbills on lots situated in the adjoining block, as the one here is situated. But that was under a statute for cities of the third class, containing just what the present statute lacks, that is to say, special power and provision was made for taxbills against specified property not abutting on the street improved, to pay for paving intersections.

Plaintiff insists on a line of argument like this: That the space of intersection of streets is on both streets and that therefore the paving of this intersection is a paving of Elm street as well as Calhoun, and that therefore this property is "on" and has a "frontage" on a street which is improved, and thereby fills the requirement of the statute that the property taxed must be on the street improved. But authority to take private property without the consent of the owner ought to be more direct and less "round about" than that. It is said by plaintiff that unless the property on Elm street is made to pay for the paving of a part of the intersection at Calhoun, that when Elm comes to be paved it will be found that an intersection has been already provided without cost to the property on that street. It has been found to be true that no plan or scheme of taxation can be devised that will work out absolute equality of burden with mathematical exactness, under all conditions. It may be the Legislature has considered that when Elm street comes to be paved it will be in the condition of Calhoun and also cross intersecting streets which have not been paved, when it will have to bear the burden it now escapes, and in this way (all the streets being improved at different times) matters will be equalized, as near as may be, throughout the city. Or it may be that the lawmakers meant to leave it in the power of the city to omit intersections from a charge against the property abutting

on the street improved and put the charge for that part of the work against the city at large, as indicated by the last quotation from section 6268, supra. These are only suggestions with no pretense of decision thereon; and however that may be, it is certain that there is absence of power to burden the property in question with a part of the cost for a paving authorized by ordinance for Calhoun street. The argument made by plaintiff in favor of his view of the law is in the face of that fundamental rule of municipal law which is that in deciding any question whether certain power or authority has been given to a municipality, every doubt must be resolved against the power and in favor of the citizen. [St. Louis v. Telephone Co., 96 Mo. 1. c. 628; St. Louis v. Kaime, 180 Mo. 309, 322.] And such argument is also met by that other rule of interpretation of such statutes, which is that municipal corporations can exercise only such powers as are granted in express words or are necessarily fairly implied in or incident to such as are expressly granted. [City ex rel. v. Eddy, 123 Mo. 1. c. 557.]

It is claimed by plaintiff that since the answer of defendant was merely a general denial, the defense made was not admissible. The defense was not what is known in pleading as new matter, arising since the cause of action, which must be specially pleaded. The defense goes to show that there has never been a cause of action, and that the asserted power to authorize the taxation of Elm street property never existed. This view of the pleadings in such cases was considered at length in Cushing v. Powell, 130 Mo. App. 576.

The judgment is affirmed. All concur.