DANIEL O'LEARY, JR., Respondent, *v*. THE CITY OF GLENS
FALLS, Appellant.

Streets — assessment for paving street — when owner of property
at corner of two village streets cannot be assessed for paving
land at intersection of the two streets — construction of provi-
sions of Village Law relating thereto.

The Village Law (now chapter 64 of the Consolidated Laws), which pro-
vides that the board of trustees of a village may cause a street, or
a part thereof, to be graded and paved wholly at the expense of the
village or of the owners of the adjoining lands, or partly at the
expense of both, further provides that " no landowner shall be required
to grade, flag, curb or pave, or bear the expense of so doing, any por-
tion of the street not in front of such land, nor beyond the center of the
street." *Held*, that where a lot is situated at the corner of two streets
in a village, and the street upon which the lot fronts is graded and
paved under an ordinance which provides that one-half of the expense
be paid by the village and the other half by an assessment upon the
owners of lands abutting upon the street, the statute limits the liability
of the owner to the expense for paving the street in front, and does not
include an assessment for paving the intersecting street. Also *held*,
that the assessors adopted an erroneous basis. The amount of tax
assumed by the municipality should have been deducted from the gross
sum that the pavement cost and the balance thereof assessed *pro rata*
upon the lands of the abutting owners according to the frontage of their
respective lots.

*O'Leary* v. *City of Glens Falls*, 128 App. Div. 683, affirmed.

(Argued December 1, 1910; decided December 13, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
January 11, 1909, in favor of plaintiff upon the submission
of a controversy under section 1279 of the Code of Civil
Procedure.

The nature of the controversy and the facts, so far as
material, are stated in the opinion.

*J. Edward Singleton* and *Lyman Jenkins* for appellant.
The assessment is legal. (*People ex rel. Scott* v. *Pitt*, 169
N. Y. 521; *O'Reilly* v. *City of Kingston*, 114 N. Y. 439;
*City of Ithaca* v. *Babcock*, 72 App. Div. 260; *Holmes* v.

*Carley*, 31 N. Y. 289; *Matter of Phelps*, 110 App. Div. 69; *S. B. Ry. Co.* v. *C. I., etc., Ry. Co.*, 22 App. Div. 477; *Conde* v. *City of Schenectady*, 164 N. Y. 258.)

*Edwin R. Safford* for respondent. The statute under which said assessment was made expressly provides that "No landowner shall be required to grade, flag, curb or pave, or bear the expense of so doing, any portion of the street not in front of such land, nor beyond the center of the street." Such provision is an express limitation upon the power and jurisdiction of the board of trustees of said village. The terms of such limitation are clear and explicit. (L. 1897, ch. 414, § 166.) Plaintiff did not own any land in front of Davis street; that is to say, the westerly boundary line of plaintiff's land is the easterly boundary line of Davis street. (*Trowbridge* v. *Ehrich*, 191 N. Y. 361; *Van Winkle* v. *Van Winkle*, 184 N. Y. 193.) It is equitable and just that the city at large pay the expenses of grading and paving in front of Davis street and it is inequitable and unjust as well as in plain contravention of the statute to assess the same or any part thereof upon respondent. (*Smith* v. *City of Buffalo*, 159 N. Y. 427; *City of Schenectady* v. *Union College*, 144 N. Y. 241.)

HAIGHT, J. In the year 1907 the village of Glens Falls adopted an ordinance under which Grove avenue was graded and paved, one-half at the expense of the village and the other half by an assessment upon the owners of lands adjoining upon the street. The assessment of the owners was made upon the basis of the feet frontage of their respective lots. The plaintiff was the owner of a lot fronting upon the street at the corner of Grove avenue and Davis street, and in addition to being assessed for the number of feet frontage upon Grove avenue was also assessed for one-quarter of the space of the paving of the intersection of Grove and Davis streets, amounting to $72.64. The assessment, however, was for the gross sum of $185.25, which left $112.61 as the assessment of his feet frontage. This amount he paid, but refused to pay

the other amount, $72.64, which is the subject of this controversy.

The village of Glens Falls was incorporated under the General Village Law, but by chapter 29 of the Laws of 1908 the village was changed into the city of Glens Falls, and duly incorporated as such, succeeding to all of the rights and liabilities of the village.

The Village Law, now incorporated in chapter 64 of the Consolidated Laws, unchanged so far as it may bear upon the question under consideration, in substance, provided that the board of trustees may cause a street in the village, or part thereof, to be graded or sidewalked, flagged or curbed, or the street paved, or any one or more of such acts, performed wholly at the expense of the village or of the owners of the adjoining lands, or partly at the expense of each. It further provided that " no landowner shall be required to grade, flag, curb or pave, or bear the expense of so doing, any portion of the street not in front of such land, nor beyond the center of the street." (Section 166.)

As we have seen, the village assumed one-half of the expense of the paving of Grove avenue, the other half was assessed upon the owners in the manner to which we have called attention. The question is thus presented as to whether the expense of paving the space at intersecting streets can be charged upon the owners or must be borne by the municipality. The Appellate Division reached the conclusion in this case that it must be borne by the municipality, and, therefore, gave judgment in favor of the plaintiff for the amount of his claim. The court appears to have reached this conclusion upon the theory that the plaintiff's lands were bounded by the exterior line of the street, and, consequently, that the fee of Davis street was not in him, and, therefore, the space occupied by the intersecting streets was not in front of his lands within the meaning of the statute. The inference to be drawn from this conclusion is that, as to the owners of lands upon street corners, whose title extends to the center of the street, they would be chargeable with the expense. We hesitate about

adopting this conclusion. It makes a distinction between the owners of the fee in the street and those who are not owners that has not heretofore been made by any authority to which our attention has been called. The general custom in the state, as stated by VANN, J., in *Smith* v. *City of Buffalo* (159 N. Y. 427, 432), "is not to assess public streets, even for local improvements, and if the legislature had intended to depart from established usage, we think it would have expressed its intention in specific language." See authorities there cited.

We are thus brought to a consideration of the force and effect that should be given to the provision of the statute which relieves the owner of lands from being required to bear the expense of paving any portion of the street not in front of his lands. It is contended that the lands included in the intersecting streets are in front of the plaintiff's lands within the meaning of this statute, under the authority of *Holmes* v. *Carley* (31 N. Y. 289), which held, in effect, that the statute conferring jurisdiction upon justices of the peace to try actions against parties residing in the next adjoining towns included two towns contiguous only at the corners. While we think that the statute must be given a reasonable construction, we hesitate about adopting this view, for the language of the statute is "in front of," not "adjoining to," as was the case in the decision referred to. "In front of" does not ordinarily mean "cornering on," and unless the legislature so intended we think it should not be so construed.

In the case of *City of Schenectady* v. *Trustees of Union College* (144 N. Y. 241, 248), there was no provision of the charter like that now before us, yet EARL, J., says: "It is argued on behalf of the city that the college should be treated as the owner of a lot in front of this paving done in Union street, because it owned the corner lots on Union street and the intersecting streets. But it has paid, as we must assume, for the paving *in front* of the corner lots, and the sums sought to be collected in this action have been treated in all the proceedings of the city, and in the complaint in this action, as due from the defendant solely on account of its

ownership of the fee of the land in the *intersecting streets.*
It is further argued that it must have been the intention of
the legislature that the owners of the fee of the land in the
intersecting streets should be liable for the paving in front of
such streets, so that the streets to be improved may be con-
tinuously paved and the expense thereof provided for.   But
there can be no doubt that under the city charter the paving
in front of these open streets could be done at the expense of
the city, and *equitably and justly* it should be so done."

In view of what was said in that case we think we should
hold, in construing this statute, that the intent of the legis-
lature was to limit the liability of the owner to that which
was in front and did not include the paving of the intersecting
streets.

We are aware that the effect of so holding operates in this
case to create a deficiency and would in every case where the
assessment is made upon such basis.   Such a result would be
intolerable and could not have been so intended by the legis-
lature.   It, consequently, is apparent that the basis adopted was
erroneous and that the deficiency created resulted therefrom.

The municipality, in this case, took upon itself the burden
of paying one-half of the expense of paving the entire street.
This was more than sufficient to pay for the space included
in the intersecting streets and must be deemed to have been
paid for that purpose.   The amount of tax, therefore, assumed
by the municipality should be deducted from the gross sum
that the pavement cost and the balance thereof assessed *pro
rata* upon the lands of the abutting owners according to the
feet frontage of their respective lots.   Had this basis been
adopted then no shortage would have resulted and the entire
cost of the pavement would have been provided for.   This,
we understand, to be the basis adopted in the case of *Conde*
v. *City of Schenectady* (164 N. Y. 258).   In that case an
action was brought to annul a tax levied upon Conde's land
fronting on State street in the city of Schenectady.   His lot
was not a corner lot but he was assessed for his proportionate
share in paving the intersecting street as well as the street in

front of his premises upon the foot-frontage basis. To that he objected. In that case the municipality had not assumed or undertaken to· pay for any portion of the expense of paving, but had assessed the whole expense, including that of paving the intersecting streets, upon the owners of lands fronting upon the street, according to the number of feet frontage of each respective lot, and this court held that the basis adopted in making the assessment was correct. . That case differed from the one under consideration with respect to the liability of the municipality to pave the space included in the intersecting street, by reason of the difference in the provisions of the charter of that city. The charter of 1890 expressly provided that the cost and expense of repaving the street intersections should be borne by the city at large, but under chapter 190 of the Laws of 1893 that provision was stricken out, thus indicating an intent on the part of the legislature to transfer the liability of the city to pave intersecting streets to that of the abutting owners; but with respect to the basis adopted, CULLEN, J., says: "The effect of this amendment was to impose the whole cost of the improvement on the abutting lots. There was, therefore, no error in the assessment in this respect." (p. 266.) Had this basis been adopted the effect would have been to increase the plaintiff's assessment upon his foot frontage to some extent, but would not have cast upon him the entire burden of paying for the cost of paving the intersecting streets. The amount that his tax would have been increased cannot now be determined from the facts agreed upon. He has paid the same proportionate share that has been assessed upon the other owners of lots upon the street. We, therefore, conclude that, under the circumstances, the judgment of the Appellate Division should be affirmed, but, under the stipulation of the parties, without costs.

CULLEN, Ch. J., GRAY and HISCOCK, JJ., concur; VANN, WILLARD BARTLETT and COLLIN, JJ., concur in result.

Judgment affirmed.