[No. 19945.   Department Two.   August 16, 1926.]

GUS HENSLER *et al.*, *Respondents*, v. THE CITY OF
ANACORTES *et al.*, *Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (246)—PUBLIC IMPROVEMENTS—ASSESS-
MENT—FRONTAGE OF LOTS—CORNER LOTS.  Where the western
terminus of a street improvement is fixed at the westerly line of
an intersecting street, the property on the northwest corner of
intersection does not "abut" upon the improvement and is not
assessable as abutting property; in view of the fact of the well
known definitions of the word "abut" and the rule that every
doubt should be resolved against the power of municipalities to
assess and tax, and in favor of the citizen, and of the statutory
provisions that the district shall include all property "between"
the termini, and for the assessment of property "back from the
the marginal lines thereof" (Parker, J., dissenting).

Appeal from a judgment of the superior court for
Skagit county, Joiner, J., entered November 30, 1925,
upon findings in favor of the plaintiffs, in an action to
enjoin a street assessment, tried to the court.  Affirmed.

*Ben Driftmier,* for appellants.

*Wilbra Coleman,* for respondents.

MACKINTOSH, J. — In 1923, the city of Anacortes
passed an ordinance for the improvement of 8th street
in that city, a street running east and west, from the
west line of First avenue westerly to the west line of
"F" avenue, and created a local improvement district
and established its boundaries, the ordinance provid-
ing that an assessment for the improvement should
be made upon the property specially benefited, being
the property "adjacent to or abutting upon" 8th
street, "lying within a distance back of the center of
the respective blocks from the marginal line thereof,"
thus following the provisions of the statutes relating

[1]Reported in 248 Pac. 406.

to improvements of this kind. The respondents were the owners of the northwest and southwest corners of 8th street and "F" avenue. Under the ordinance the intersection of 8th street and "F" avenue was paved, no portion of "F" avenue being paved. The improvement stopped at the west margin of the intersection. The city attempted to assess respondents' property, and this action was commenced to enjoin the collection of that assessment, on the ground that the respondents' property lies outside the local improvement district.

Ordinances ordering local improvements arise, either upon the petition of property owners, or upon resolution of the city council. (Rem. Comp. Stat., § 9359) [P. C. § 996]. If the ordinance is initiated by petition, the assessment district created does not extend beyond the termini of the improvement (Rem. Comp. Stat., § 9360) [P. C. § 997]. If the improvement is initiated by resolution, nothing is said about the termini, but the property assessed shall include that which is "specially benefited thereby." (Rem. Comp. Stat., § 9361) [P. C. § 998]. Rem. Comp. Stat., § 9365 [P. C. § 1001], provides for the formation of the assessment district, whether the improvement was initiated under petition or by resolution, and in the absence of an extended district, which was not created by the ordinance here under investigation, the "district shall include all the property between the termini of said improvement abutting upon, adjacent, vicinal or proximate to the street, . . . to be improved to a distance back from the marginal lines thereof to the center line of the blocks facing or abutting thereon," and such property "shall be considered and held to be the property and to be all the property specially benefited by such local improvement, and shall be the prop-

erty to be assessed to pay the cost and expense thereof.''

[1] The question here, then, is whether the respondents' property is property specially benefited as defined in this section. This depends upon whether the respondents' property abuts upon the improvement. It is conceded by counsel for both parties that this property does not face the improvement, but it is the contention of the city that it does abut upon it.

There can be no question that the respondents' property is beyond the western terminus of the improvement. If it is assessable, it is by reason of the fact that the statute provides that property, back of the center line of the block ''facing or abutting upon the improvement,'' is specially benefited and consequently subject to assessment.

Century Dictionary defines *abut*,

''To touch at the end; be contiguous; join at a border or boundary; terminate; rest: with *on, upon,* or *against* before the object; as, his land *abuts upon* mine; the building *abuts on* the highway; the bridge *abuts against* the solid rock.''

1926 Merriam Series, Webster's New International Dictionary defines *abut*,

''To project; to terminate or border; to be contiguous;—with *on, upon,* or *against;* as, his land *abuts* on the road. Usually *abut* implies contact, but this is not always so. To end at; to border on; to reach or touch with an end; as, two lots *abutting* each other.''

Under these definitions, and giving weight to the general rule that every doubt should be resolved against the power of a municipality to assess and tax and in favor of the citizen, it would seem that the respondents' property cannot be said to abut upon this improvement. A corner of each of these tracts of land touches the corner of the paved intersection, but the

property does not terminate upon, or border upon, nor is it contiguous to; neither does it end at, or touch, or reach with an end, this improvement. The statute intended to make assessable property which had an end, either face, side or rear, upon the improvement, and did not contemplate the assessment of property beyond the improvement which might touch its terminal corner.

There are other reasons in the statute, which are conclusive against the interpretation sought by the city, and they are these: The statute provides that the "district shall include all the property between the termini of said improvement." Respondents' property is not between the termini; it is beyond the western terminus. And, secondly, the statute provides for the assessment of property "back from the marginal lines thereof," again clearly manifesting the intention not to include property beyond the terminal lines, but merely that which either faces or abuts the marginal lines.

For these reasons, it is clear that the trial court was correct in relieving the respondents from assessments under this ordinance. *City of Chillicothe ex rel. Meek v. Henry,* 136 Mo. App. 468, 118 S. W. 486; *City of Rolla v. Schuman,* 189 Mo. App. 252, 175 S. W. 241; *O'Leary v. City of Glens Falls,* 200 N. Y. 218, 93 N. E. 513, 21 Ann. Cas. 633; 2 Elliott on Roads and Streets (3rd ed.), § 683.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, and ASKREN, JJ., concur.

PARKER, J. (dissenting)—I am unable to concur in the conclusion reached by Judge Mackintosh. The northwest and southwest corners of the Eighth street and F avenue improved intersection touch the southeast and northeast corners of respondents' properties.

If that improved intersection is not "adjacent to or abutting upon" respondents' corner properties, then no private property is "adjacent to or abutting upon" any street intersection. It has been uniformly held and recognized as the law of this state, that the cost of the improvement of street intersections is chargeable by special assessment against adjacent and abutting property as the improvement of streets lying directly in front of abutting property is chargeable against such property. As I understand this record, respondents' corner properties were only charged an amount to aid in paying the cost of this whole improvement in proportion as one half of the Eighth street and F avenue intersection improvement bears to the whole improvement. I can see that, reading the quoted portion of the statute literally, it may seem to lend support to the view reached in the foregoing opinion; but, to my mind, such conclusion is so wholly out of harmony with the spirit of the statute, that its provisions should be held to mean that property situated as respondents' property is situated is within the termini of the district or improvement, and therefore assessable to the extent this property has been assessed. For these reasons, I think the collection of the assessment ought not to be enjoined.