ERNST F. LIED, Appellant, *v.* COUNTY OF CLARK, a Political Subdivision of the State of Nevada; MGM GRAND HOTEL, INC., a Corporation; METRO GOLDWYN MAYER, INC., a Corporation, Respondents.

No. 8480

May 23, 1978          579 P.2d 171

*Bell, Leavitt & Green, Chartered,* Las Vegas, for Appellant.

*George E. Holt,* District Attorney and *Thomas R. Severns,* Deputy District Attorney, for Respondent Clark County.

*Lionel Sawyer Collins & Wartman,* Las Vegas, for Respondents MGM Grand Hotel, Inc. and Metro Goldwyn Mayer, Inc.

## OPINION

By the Court, TORVINEN, D. J.:

Ernst F. Lied is the owner of a parcel of real property in Clark County which is bounded on the west by Las Vegas Boulevard South (U.S. Highway 91), and on the east by Audrie Street. Both streets run north-south. The first street intersecting Las Vegas Boulevard and Audrie to the north is Flamingo Road. Lied's property is separated from Flamingo Road by the property on which the MGM Grand Hotel now stands. The illustrative sketch [p. 277] shows the relationship of the pertinent streets and properties.

On November 29, 1971, the predecessors in interest to respondents Metro Goldwyn Mayer, Inc., and the MGM Grand Hotel, Inc., filed a petition with the Clark County Board of Commissioners seeking to vacate that portion of Audrie Street (hatched on sketch) extending 456.01 feet south from Flamingo Road to the northern boundary of Lied's property. The petition was granted on February 7, 1972, conditioned upon provisions being made for fire access, a cul-de-sac on Audrie Street, and indemnification to the county by the petitioners. An indemnification agreement was entered into by the county and the MGM Grand Hotel, Inc., and the final order of vacation was approved May 8, 1972.

Lied objected to the vacation, both prior to the Board's action and by a formal claim against the county filed on May

24, 1972. The county rejected his claim and Lied filed suit on January 31, 1975. Respondents moved for and were granted a dismissal of the action. Lied then filed an amended complaint containing two causes of action: one for inverse condemnation and one for trespass and nuisance. A second motion to dismiss was filed and the order which granted that motion is the subject of this appeal.

Lied asserts, among other things, that (1) the district court erred in holding he had no property interest in the vacated portion of Audrie Street, (2) his complaint sufficiently made out a cause of action for trespass and nuisance, and (3) the Board of County Commissioners abused its discretion in vacating the subject section of Audrie Street.

1.   Lied contends he had a vested property right which was taken without just compensation, thus violating the clear mandate of Nev. Const. art. 1, § 8.[1] In support of his argument,

---

[1]Nev. Const. art. 1, § 8 provides, in pertinent part:

"[P]rivate property [shall not] be taken for public use without just compensation having been first made, or secured, . . ."

Lied relies heavily upon Teacher Bldg. Co. v. Las Vegas, 68 Nev. 307, 232 P.2d 119 (1951), and Breidert v. Southern Pacific Company, 394 P.2d 719 (Cal. 1964). In our view, these cases are totally inapposite.

The pertinent holding in *Teacher* was that an abutting property owner has a vested interest in the entire street in front of his land. Here, the portion of the street in question fronted adjoining land and not that owned by Lied. Thus, *Teacher* lends no support to Lied's claim of a vested property right. Hensler v. City of Anacortes, 248 P. 406 (Wash. 1926); Ables v. Southern Ry. Co., 51 So. 327 (Ala. 1909).

Even assuming Lied had a property right, *Breidert* fails to support Lied's claim of a taking of that right without just compensation. There the court stated:

> In summary, the rule which emerges constitutes one of substantial impairment of the right of access. Although destruction of access to the next intersecting street in one direction constitutes a significant factor in determining whether the landowner is entitled to recovery, it alone cannot justify recovery in the absence of facts which disclose a substantial impairment of access.

394 P.2d at 724. A determination of "substantial impairment of access" must be reached as a matter of law. *See* State ex rel. Dep't Hwys. v. Linnecke, 86 Nev. 257, 260, 468 P.2d 8, 9–10 (1970), where we said:

> [A]n owner is not entitled to access to his land at *all* points in the boundary to it and the highway, although *entire* access to his property cannot be cut off. If he has free and convenient access to his property and his means of egress and ingress are not substantially interfered with, he has no cause for complaint.

Here, the trial court correctly found, as a matter of law, that in view of Lied's access to the next intersecting street in both directions on Las Vegas Boulevard and his access in one direction to the next intersecting street on Audrie Street, there was no substantial impairment.

2. Lied next argues it was error to dismiss his claim based upon nuisance and trespass. However, in order to sustain a nuisance action, one must show that the interference with the use and enjoyment of the land is substantial and unreasonable, Jezowski v. City of Reno, 71 Nev. 233, 286 P.2d 257 (1955);

and to sustain a trespass action, a property right must be shown to have been invaded, *see* Rivers v. Burbank, 13 Nev. 398 (1878). Here, Lied has shown neither.

3. Finally, Lied contends the vacation of the street was an abuse of the Board's discretion and its action should be overruled.

The standard to be used by a governing body in determining the propriety of the vacation of a street is whether the public would be materially injured by such vacation. NRS 278.480(4). The Board, by its action, concluded no material injury would occur. We believe the record supports the Board's determination, and further, that the Board acted within the bounds of its discretion. *See* Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644 (1929); Thomas v. Jultak, 231 P.2d 974 (Wyo. 1951). Accordingly, we perceive no reversible error.

The district court judgment is affirmed.[2]

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[2]The Governor, pursuant to Article 6, § 4 of the Nevada Constitution, designated the Honorable Roy L. Torvinen, Judge of the Second Judicial District, to sit in place of the HONORABLE DAVID ZENOFF, who voluntarily disqualified himself in this case.