L & T CORPORATION DBA RAINBOW CLUB & CASINO; RICHARD E. THURMOND; ARTHUR LIEBERT AND JUDITH LIEBERT; CHARLES LIEBERT AND TOBIE LIEBERT; LA MOYNE F. MURRAY; LIEBERT THURMOND PARTNERSHIP AND STEPHEN T. SENDLEIN, APPELLANTS, v. THE CITY OF HENDERSON, NEVADA; LORIN L. WILLIAMS, MAYOR OF HENDERSON, NEVADA, PHIL STOUT; J. GARY PRICE; CARLTON D. LAWRENCE; LORIN L. WILLIAMS AND LORNA KESTERSON, COUNCILMEMBERS OF HENDERSON, NEVADA; ELDORADO, INC.; SAM A. BOYD; WILLIAM S. BOYD AND JOSEPH G. CROWLEY, RESPONDENTS.

No. 13115

December 9, 1982                                   654 P.2d 1015

*George Rudiak,* and *Brent A. Larsen,* Las Vegas, for Appellants.

*Bell, Leavitt & Green,* and *Boyd, Huff & Brand,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On three separate occasions, the respondent Eldorado, Inc. (Eldorado) petitioned the City of Henderson to have a portion of Market Street vacated. The Eldorado owns property on both sides of that portion of the street which it sought to vacate, and desired to develop the vacated property in conjunction with its own property. After two denials, the Henderson City Council approved respondents' third petition for vacation of the specified segment of Market Street. In granting the petition, the city

council was persuaded by Eldorado's presentation of specific plans for a highrise hotel and parking garage which were to be constructed in the immediate future. The successful presentation was in contradistinction to the two earlier submissions which were lacking in project particulars.

Appellant L & T Corporation dba Rainbow Club (Rainbow Club), who objected to the Market Street vacation, successfully petitioned the district court for a preliminary injunction enjoining the respondents from proceeding with the vacation. Thereafter, the district court denied appellants' petition for a permanent injunction which is the subject of this appeal. We are in accord with the decision of the district court.

Appellants assert, among other things, that (1) the district court did not apply the proper legal test in regard to the vacation of a street; (2) the district court erred in concluding that appellant Rainbow Club did not have standing to contest the vacation; and (3) the district court erred in concluding that the city council did not abuse its discretion in vacating Market Street.

We have previously held that "[t]he standard to be used by a governing body in determining the propriety of the vacation of a street is whether the public would be materially injured by such vacation. NRS 278.480(4)."[1] Lied v. County of Clark, 94 Nev. 275, 279, 579 P.2d 171 (1978). Despite our holding in *Lied* and the clearness of the statute, appellants contend that NRS 278.480(4) should be construed as requiring a public purpose for vacating a street; and since the portion of Market Street to be vacated will revert to respondent, a public purpose has not been served.

A street vacation to private interest is not sufficient, *per se,* to invalidate the governmental action. The public welfare may be served by placing street lands in the hands of private individuals. City of San Antonio v. Olivares, 505 S.W.2d 526 (Tex. 1974); Clifford v. City of Cheyenne, 487 P.2d 1325 (Wyo. 1971). The record reflects a basis for concluding that in spite of Eldorado's ownership of the vacated portion of the street, the public will also be benefited. The parking garage should alleviate Henderson's parking problems while the hotel has the potential of stimulating the city's economy. The fact that the vacation was at the instigation of the Eldorado Club to enable

---

[1]NRS 278.480(4) provides in pertinent part:

> [I]f, upon public hearing, the governing body is satisfied that the public will not be materially injured by the proposed vacation, it shall order the street or easement vacated. The governing body may make the order conditional, and the order shall become effective only upon the fulfillment of the conditions prescribed.

them to use the land vacated is not ground for declaring the vacation void. Feldman v. City of Omaha, 166 N.W.2d 421 (Neb. 1969); State *ex rel.* Burk v. Oklahoma City, 522 P.2d 612 (Okl. 1974). Accordingly, the district court applied the proper legal test when it concluded that the public would not be materially injured by the vacation of Market Street.

Appellants next argue that the district court erred in determining that they did not have standing to challenge the vacation. We disagree. The district court premised its determination on our holding in Lied v. County of Clark, *supra. Lied* stands for the general proposition that a property owner whose property does not abut upon the portion of the street to be vacated, does not have standing to challenge a procedurally correct vacation. However, an exception to the general rule is that any person, whether or not a landowner, has standing to challenge and obtain injunctive relief against a proposed vacation when he or she has suffered special or peculiar damage differing in kind from the general public. *See,* Teacher Bldg. Co. v. City of Las Vegas, 68 Nev. 307, 232 P.2d 119 (1951), and Blanding v. City of Las Vegas, 52 Nev. 52, 280 P. 644 (1929). Here, appellants have not shown such special or peculiar injury. The claim of special injury due to interference with property access and a diminution in property value through loss of business is not supported by case law. The vacation of a street requiring travel by a more circuitous route is not a special injury as long as the landowner still retains an alternate mode of egress from or ingress to his or her land, even if less convenient. Blanding v. City of Las Vegas, *id. See also,* Hoskins v. City of Kirkland, 503 P.2d 1117 (Wash.App. 1972). Furthermore, in *Blanding,* we determined that the contemplated loss of customers and business due to a vacation of a street are too remote and speculative to be considered special legal injuries.

Finally, appellants contend that there are two instances where the city council abused its discretion: (1) the council was foreclosed from reconsidering its prior determinations; and (2) the council should not have granted the petition because the Eldorado would benefit from the proposed vacation. We believe the record supports the council's decision, and that the city council acted within the bounds of its discretion. First of all, ''[a]dministrative agencies have an inherent authority to reconsider their own decision, since the power to decide in the first instance carries with it the power to reconsider.'' Trujillo v. General Electric Co., 621 F.2d 1084, 1086 (10th Cir. 1980).

In Eagle Thrifty v. Hunter Lake P.T.A., 85 Nev. 161, 451 P.2d 713 (1969), we concluded that in the absence of any specific rehearing provision in a city code, the city council has the authority to rehear successive petitions by the same party. Therefore, the city council did not abuse its discretion by reconsidering the Eldorado's petition. Secondly, this Court stated in Blanding v. City of Las Vegas, 52 Nev. 52, 77, 280 P. 644 (1929):

> The mere fact that petitioners for the vacation of a street or other persons will be benefited by such vacation is not sufficient to constitute such fraud or abuse of discretion as to authorize a court to interfere. And the court will not ordinarily look into the motives influencing the local authorities.

Based on the foregoing, we perceive no error on the part of the district court.

Other issues not specifically addressed are deemed to be without merit.

Affirmed.