An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN LUCKETT,<br>Appellant,<br>vs.<br>BOYD GAMING CORPORATION,<br>Respondent. | No. 64667 |
| JOHN LUCKETT,<br>Appellant,<br>vs.<br>BOYD GAMING CORPORATION,<br>Respondent. | No. 64932 |
| JOHN LUCKETT,<br>Appellant,<br>vs.<br>BOYD GAMING CORPORATION,<br>Respondent. | No. 65224 |

**FILED**

MAY 20 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from a district court order granting summary judgment and a post-judgment order awarding attorney fees and costs in a breach of contract and tort action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Having considered appellant's pro se appeal statements and the district court record, we conclude that the district court properly determined that appellant failed to adequately allege facts sufficient to demonstrate the elements of his claims for relief or failed to demonstrate that genuine issues of material fact remain in dispute, and we affirm the district court's dismissal of appellant's claims. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *W. States Constr. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992) (explaining that a complaint must at least "set forth sufficient facts to

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15436

demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and relief sought"); *see* NRS 118A.510 (noting the requirements for a retaliatory eviction claim); NRCP 9(b) (requiring that claims for fraud must be stated with particularity); *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (stating that an enforceable contract requires an offer and acceptance, meeting of the minds, and consideration); *PETA v. Bobby Berosini, Ltd.*, 111 Nev. 615, 630-31, 895 P.2d 1269, 1279 (1995) (recognizing that to sustain an invasion of privacy claim a plaintiff must actually expect solitude or seclusion, and that expectation must be objectively reasonable); *Nelson v. City of Las Vegas*, 99 Nev. 548, 555, 665 P.2d 1141, 1145 (1983) (setting forth the required elements for an intentional infliction of emotional distress claim); *Lied v. Clark Cnty.*, 94 Nev. 275, 279, 579 P.2d 171, 173-74 (1978) (requiring that a property right must be shown to have been invaded to sustain a trespass action).

We further affirm the district court's grant of attorney fees and costs to respondent, including those attorney fees awarded on the basis that appellant failed to appear at multiple hearings on appellant's own motions. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. Adv. Op. No. 9, 319 P.3d 606, 615 (2014).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Michelle Leavitt, District Judge
John Luckett
Olson, Cannon, Gormley, Angulo & Stoberski
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A